IGARTÚA, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo sobre calificación de defecto subsanable.

No. 186.—Resuelto en junio 23, 1914.

DEFECTOS SUBSANABLES—BIENES GANANCIALES—BIENES PRIVATIVOS DE LOS CÓNYUGES—ORIGEN DEL DINERO DEL PRECIO DE ADQUISICIÓN.—No constituye defecto subsanable el no expresar el origen del dinero del precio de la adquisición de una finca en una escritura que afecta a bienes inmuebles, cuando no se trata de inscribir en virtud de dicho documento la finca adquirida como bien privativo de uno de los cónyuges adquirentes.

BIENES PRIVATIVOS DE UNO DE LOS CÓNYUGES—BIENES GANANCIALES—ORIGEN DEL DINERO DEL PRECIO DE LA ADQUISICIÓN.—Unicamente cuando el marido o la mujer tratan de inscribir bienes como propiedad exclusiva de uno u otro es que es necesario expresar en el documento que el dinero del precio de la adquisición pertenecía exclusivamente al cónyuge a cuyo favor se desea inscribir la finca.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José de Jesús Tizol.*

El Registrador Sr. José Marcial López, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Resulta del Registro de la Propiedad de Arecibo que en ocho de agosto de 1901, Pedro Carlo y Antonio Saavedra vendieron a Margarita Feliciano Nieves, esposa de Juan Nepomuceno Prieto por precio de quinientos dólares, una finca de 36 cuerdas sita en la jurisdicción de Arecibo.

Por escritura pública No. 50, otorgada ante el Notario Márquez y Abrams en 4 de agosto de 1910, la referida Margarita Feliciano Nieves constituyó hipoteca voluntaria a favor de Rafael Igartúa del Valle por la suma de $450, sobre las mencionadas 36 cuerdas de terreno.

En julio 16, 1913, el acreedor hipotecario Rafael Igartúa del Valle, Margarita Feliciano y Nieves y su esposo Juan

Prieto León, otorgaron otra escritura con el fin de modificar la hipoteca anteriormente constituída. El acreedor hipotecario recibió la suma de $130, y prorrogó el vencimiento de la hipoteca hasta julio 15, 1916, dejando libres del gravemen diez y ocho cuerdas que formaban parte de las 36 primeramente hipotecadas. El registrador inscribió la escritura de modificación, pero con el defecto subsanable de no haberse acreditado que el precio de adquisición de la finca perteneciera exclusivamente al peculio de la esposa. No podemos comprender la actitud asumida por el registrador. En primer lugar no aparece que Margarita Feliciano y Nieves estuviera adquiriendo una propiedad, sino dejando libre de gravamen parte de una finca que estaba inscrita a su nombre.

Pero si ha de admitirse que la escritura de modificación creó un nuevo derecho de propiedad, el mero hecho de no expresarse en dicha escritura el origen del precio de la compra no establece diferencia alguna. Margarita Feliciano Nieves no alega que el título de tal modo adquirido pertenece a sus bienes privativos. El registrador está enteramente en lo cierto al alegar que los bienes así adquiridos se presumen gananciales. Unicamente cuando el marido o la mujer tratan de inscribir bienes como de la propiedad exclusiva de uno u otro es que el principio sentado en el caso de *Feliú et al.* v. *El Registrador de la Propiedad,* 16 D. P. R., 766, puede ser de aplicación. Según las inscripciones del registro en esta serie de títulos no habido tentativa alguna por parte de la esposa de establecer un título por separado.

Debe revocarse la nota.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.